IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ETHEL ELIZABETH TESSMER,

                 Petitioner

VS.

TOM CHAPMAN, WARDEN,

                 Respondent

NO. 5:07-CV-314(CAR)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION TO DISMISS

Petitioner ETHEL ELIZABETH TESSMER has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent TOM CHAPMAN, Warden of Pulaski State Prison, has filed a motion seeking to dismiss this petition, contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #9. Petitioner TESSMER has filed a response to the respondent's motion. Tab #15.

### LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

    *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

DISCUSSION

Petitioner TESSMER was indicted by a Lamar County grand jury on March 2, 1998, for malice murder, felony murder, and voluntary manslaughter. (Resp. Ex. 6, pp. 87-89). Following a trial, she was found guilty of felony murder on August 15, 1998, and was sentenced to life imprisonment. Petitioner appealed to the Georgia Supreme Court which affirmed her conviction and sentence on November 30, 2000; reconsideration was denied on December 14, 2000. *Tessmer v. State*, 273 Ga. 220, 500 S.E.2d 904 (2000). Thus, Petitioner's conviction became final no later than March 14, 2001, ninety (90) days after the Georgia Supreme Court's order denied her motion for reconsideration.

One-hundred-fifty-six (156) days later, on August 17, 2001, petitioner filed a <u>state</u> habeas corpus petition in the Superior Court of Pulaski County, challenging her Lamar County conviction. (Resp. Ex. 2). She subsequently amended her petition to add additional grounds. (Resp. Ex. 3). Following the dismissal of her petition and the Georgia Supreme Court's decision granting her certificate of probable cause to appeal and remanding the case to the Pulaski Superior Court, a state habeas corpus evidentiary hearing was held on July 31, 2003. (Resp. Ex. 5). The state habeas corpus court denied relief in an order filed July 11, 2005. (Resp. Ex. 4). The Georgia Supreme Court dismissed petitioner's certificate of probable cause to appeal from that order on October 16, 2006. (Resp. Ex. 5). Two hundred ninety-four (294) days thereafter, on August 6, 2007, petitioner executed the instant <u>federal</u> petition, also challenging her Lamar County convictions. Respondent subsequently filed the instant motion asking the court to dismiss this petition as untimely under the AEDPA.

In her response to the instant motion, petitioner TESSMER admits that her filing was untimely under the one year period of limitations. However, she argues that the court should nonetheless consider her case " under her claims of miscarriage of justice and actual innocence." In support of this argument, petitioner TESSMER cites *Arthur v. Allen*, 452 F.3d 1234, 1244 (11th Cir. 2006), for the proposition that the court must first consider whether the petitioner can show actual innocence before addressing whether an exception to the limitation period is required by the Suspension Clause of the United States Constitution.

The court in *Arthur* also noted that;

> A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction probably resulted from a constitutional violation. The petitioner meets the probably resulted standard by demonstrating, based on the new evidence, that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. The reasonable doubt standard is not to be determined on the basis of the district court's independent judgment, but should be based on the district court's probabilistic determination about what reasonable, properly instructed jurors would do. **The petitioner must support the actual innocence claim with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.** A petitioner meets the threshold showing of innocence justifying a review of the merits of the constitutional claims if the new evidence raises sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial. (Emphasis added).

*Id.* at 1245 (internal citations omitted).

As noted above, petitioner TESSMER admits that her filing is untimely. Thus, it would appear that the only means of having her contentions reviewed by this court is by virtue of this court's finding that she has satisfied the "actual innocence" requirement. However, her claim of actual innocence is not supported with new reliable evidence as required by the aforementioned precedent or even contentions of new and reliable evidence. The only support for petitioner's claim of actual innocence lies in her own conclusory statements. Such is not sufficient to meet the threshold showing of innocence needed to justify a review of the merits of her constitutional claims.

In view of the above, and after reviewing the record in this case including the exhibits filed by the petitioner, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's conviction becoming final and the filing of the petitioner's state habeas action totaled one-hundred-fifty-six (156) days. The time period between the conclusion of petitioner's state habeas action and the filing of the instant action totaled two-hundred-ninety-four (294) days. The total time elapsing between her conviction becoming final and the filing of the instant petition in which the petitioner's period of limitations was not tolled is four-hundred-fifty (450) days. It is clear that the petitioner exceeded the one-year period of limitations and that petitioner's federal habeas petition untimely filed. Accordingly, IT IS RECOMMENDED that respondent's Motion to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by her.

SO RECOMMENDED, this 30th day of JULY, 2008

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE